UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VERONICA GRIMM,

        **Plaintiff,**

   v.                                   Civil Action 2:18-cv-1522
                                         Judge James L. Graham
                                         Magistrate Judge Chelsey M. Vascura

GPG PROCESSING, LLC, *et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Veronica Grimm, moved for default judgment against Defendants, GPG Processing, LLC, d/b/a/ Revenue Management Group, LLC ("RMG"), and Gregory Hopkins (collectively, "Defendants"), for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 *et seq.*; the Ohio Corrupt Practices Act ("OCPA"), R.C. § 2923.21 *et seq.*; and Ohio common law. (ECF No. 22.) The Court entered default judgment as to liability against Defendants RMG and Hopkins on Plaintiff's FDCPA and invasion of privacy claims and against Defendant RMG on Plaintiff's defamation claim. (ECF No. 26.) The Court deferred entry of final judgment on these claims pending the results of a damages hearing and *sua sponte* dismissed Plaintiff's RICO and OCPA claims. (ECF No. 26.) Pursuant to the Court's reference (ECF No. 26), this matter is before the undersigned for a Report and Recommendation on the damages to be awarded to Plaintiff against Defendants RMG and Hopkins. For the reasons that follow, it is **RECOMMENDED** that the Court enter default judgment against Defendants RMG and Hopkins in the amount of $27,651.38.

## I. BACKGROUND

The undersigned incorporates by reference the procedural history set forth in the August 15, 2019 Report and Recommendation (ECF No. 25) and the Court's September 5, 2019 Order adopting the Report and Recommendation (ECF No. 26). On September 17, 2019, the undersigned held an oral evidentiary hearing pursuant to the Court's referral order. In her Motion for Default Judgment, Plaintiff requests $59,885.14 in damages, consisting of:

- $1,000 in statutory damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692k(a)(2)(A);

- $1,116.88 in economic damages, trebled to $3,350.64 pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.§1694(c);

- $15,000 in noneconomic damages for invasion of privacy and defamation, which may be awarded pursuant to Ohio common law or the FDCPA, trebled to $45,000 pursuant to the Ohio Corrupt Practices Act ("OCPA"),R.C. 2923.34(E);

- $10,134.50 in attorney fees and litigation expenses; and

- $400 in court costs.

(Pl.'s Mot. for Def. J. at 1-2, ECF No. 22.) As set forth above, the Court has dismissed Plaintiff's RICO and OCPA claims. Accordingly, Plaintiff is not entitled to damages for its RICO or OCPA claims, and the remaining amount sought by Plaintiff is $27,651.38, consisting of:

- $1,000 in statutory damages pursuant to the FDCPA, 15 U.S.C. 1692k(a)(2)(A);

- $1,116.88 in economic damages pursuant to the FDCPA;

- $15,000 in noneconomic damages for invasion of privacy and defamation, which may be awarded pursuant to Ohio common law or the FDCPA;

- $10,134.50 in attorney fees and litigation expenses; and

- $400 in court costs.

## II. HEARING TESTIMONY

At the hearing, Plaintiff offered uncontroverted testimony establishing the following facts. In June 2016, RMG began contacting Plaintiff regarding collection of amounts due and owing on a payday loan. The payday loan was discharged in bankruptcy in June 2017. Despite the loan being discharged in bankruptcy, RMG continued to call Plaintiff and threaten criminal prosecution if she did not make payments on the payday loan. From February 2018 through June 2019, RMG called Plaintiff at least six times and threatened criminal charges if she did not pay on the loan. RMG also told Plaintiff that she had outstanding warrants for her arrest. Because she was scared of criminal prosecution and being taken from her family, Plaintiff made payments to RMG in the amounts of $400.00 on February 13, 2018, and $201.88 on February 14, 2018. (Hearing Exhibits 1 and 2, ECF Nos. 29-1 and 29-2.) Plaintiff believed that she had settled any outstanding debt by making these payments. However, RMG continued to call Plaintiff and told her that the February 2018 deal was not valid. In April 2018, RMG called Plaintiff's mother-in-law, threatened that Plaintiff would be arrested, and accused Plaintiff's mother-in-law of aiding and abetting Plaintiff. On April 26, 2018, Plaintiff's mother-in-law paid RMG $515.00. Plaintiff reimbursed her mother-in-law for this payment. (Hearing Exhibit 3, ECF No. 29-3.)

Due to RMG's conduct, Plaintiff had increased anxiety, gained weight, lost sleep, and began routinely checking the sheriff's department website for warrants for her arrest. Plaintiff has an anxiety disorder for which she takes Zoloft. As a result of RMG's conduct, Plaintiff increased her dose of Zoloft and began therapy. She sleeps in short increments and is constantly anticipating additional calls from RMG. RMG's actions have also caused stress in Plaintiff's relationship with her husband.

## III. ANALYSIS

### A. FDCPA Damages

Under Section 1692k of the FDCPA, Plaintiff may recover statutory damages, actual damages, attorneys' fees, and costs. 15 U.S.C.A. § 1692k.

#### 1. Statutory Damages

Plaintiff asserts that because Defendants committed numerous violations of the FDCPA, the full $1,000 in statutory damages should be awarded. The undersigned agrees.

"The maximum amount of statutory damages that may be awarded under the FDCPA is $1000 per proceeding." *Mann v. Acclaim Fin. Servs., Inc.*, 348 F. Supp. 2d 923, 926 (S.D. Ohio 2004) (citing 15 U.S.C. § 1692k(a)(2)(A); *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994)). In determining the amount of statutory damages, courts must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Here, the Court found that Defendants violated several provisions of the FDCPA. (*See* R. & R., ECF No. 25; Order Adopting R. & R., ECF No. 26.) The hearing and affidavit evidence demonstrate that Defendants called Plaintiff and/or her mother-in-law at least six times over a several month period and that their conduct was intentional, as they erroneously told Plaintiff that she had a warrant for her arrest and had committed check fraud. Additionally, although Plaintiff informed Defendants that the debt was discharged in bankruptcy *and* subsequently settled the debt in February 2018 out of fear of prosecution, Defendants continued to call and threaten Plaintiff and her mother-in-law and assert that the debt was due and owing. Under these circumstances, the undersigned **RECOMMENDS** that Plaintiff's request for the full $1,000.00

in statutory damages be **GRANTED**. *See, e.g.*, *Whaley v. Asset Mgmt. Servs. Grp., LLC*, No. 2:16-CV-375, 2016 WL 6134169, at *2 (S.D. Ohio Oct. 21, 2016) (finding that the full $1,000 in statutory damages was warranted where defendant's effort to collect debt went on for a period of months and defendant's conduct "was not only intention, but potentially fraudulent"); *Harding v. Check Processing, LLC*, No. 5:10CV2359, 2011 WL 1097642, at *2–3 (N.D. Ohio Mar. 22, 2011) ("In view of the fact that there were several purposeful violations of FDCPA alleged in the Complaint and, further, that these allegations are all taken as true, the Court finds it appropriate to award the full $1,000.00 in statutory damages.").

### 2. Actual Damages

Plaintiff also seeks actual damages against Defendants for violations of the FDCPA. Plaintiff seeks pecuniary damages in the amount of $1,116.88 for the unwarranted payments to RMG and $15,000 in non-economic damages.

Under § 1692k(a)(1), Plaintiff may recover actual damages incurred as a result of Defendants' failure to comply with the FDCPA. 15 U.S.C. § 1692k(a)(1). Actual damages include out-of-pocket expenses incurred, as well as emotional distress damages. *See Rainier v. Law Offices of John D. Clunk Co., L.P.A.*, No. 2:13-CV-1173, 2017 WL 9439263, at *11 (S.D. Ohio Sept. 22, 2017) (explaining that in addition to out-of-pocket expenses incurred, "[c]ourts in this Circuit generally allow recovery for emotional distress damages under the FDCPA" (citations and internal quotations omitted)); *see also Whaley*, 2016 WL 6134169, at *1 ("In addition to an award for pecuniary damages, the FDCPA permits recovery of actual damages for emotional distress, including humiliation, embarrassment, mental anguish, and emotional distress."). This Court has explained that a plaintiff may recover emotional distress damages as follows:

5

> Emotional distress includes humiliation, embarrassment, and mental anguish. *Whaley v. Asset Mgmt. Grp., LLC*, No. 2:16-cv-375, 2016 WL 6134169, *1 (S.D. Ohio Oct. 21, 2016) (citing *Davis*, 585 F. Supp. 2d at 971). The FDCPA does not require a plaintiff to satisfy the state law elements of emotional distress in order to recover damages. *Id.* A plaintiff's testimony may be enough to establish emotional distress damages provided that a reasonable explanation is offered about the circumstances of the distress and not just conclusory statements. *Id.* A plaintiff must show "more than transitory symptoms of emotional distress," but must "explain the circumstances of the injury in reasonable detail." *Miller v. Prompt Recovery Servs., Inc.*, No. 5:11CV2292, 2013 WL 3200659, at *13 (N.D. Ohio June 24, 2013) (quotations and citations omitted).

*Rainier*, 2017 WL 9439263, at *11.

Here, Plaintiff is entitled to her out-of-pocket expenses, *i.e.*, the $1,116.88 paid to RMG in February 2018 and April 2018 despite the fact that the loan had been discharged in bankruptcy. (Hearing Exhibits 1-3, ECF No. 29-1—29-3.)

Plaintiff has also demonstrated that she is entitled to $15,000.00 in damages for emotional distress. Plaintiff submitted an affidavit with her Motion for Default Judgment asserting that "[f]or over two years," she has "been beaten down by the fear caused by the constant threats" against her over her debts. (Pl.'s Aff ¶ 2, ECF No. 22-1.) She stated that she believed Defendants' threats regarding criminal charges and that fear motivated her to pay RMG. (*Id.* at ¶¶ 3-4.) She stated that due to Defendants' actions, she would check online to make sure no bench warrants were issued for her arrest and that she panics when she receives a phone call from an out-of-state number or a number she does not recognize. (*Id.* at ¶¶ 8-11.) When Defendants were actively calling her, Plaintiff "would go through nights where [she] would get only three hours of sleep" and "would call [her] husband while he was at work, crying, because [she] was receiving these phone calls threatening [her] with jail time." (*Id.* at ¶¶ 12-13.) She also stated that her husband had to "take time out of his day to talk [her] down" and that Defendants' actions have affected and/or caused stress to her, her husband, and other family

6

members. (*Id.* at ¶ 14-16.) She asserted that her mother-in-law paid RMG on Plaintiff's behalf to get Plaintiff to calm down. (*Id.* at ¶ 16.) In addition, at the hearing, Plaintiff testified that due to RMG's conduct, she has increased anxiety, has gained 30 pounds, has lost sleep, and began routinely checking the sheriff's department website for warrants her arrest. Plaintiff testified that she still checks the sheriff's website about three times per week. She increased her dose of Zoloft due to increased anxiety (and remains on the increased dose) and began therapy. She is constantly anticipating additional calls from RMG, which have caused stress in her relationship with her husband. The undersigned finds that Plaintiff has explained the circumstances of her injuries in reasonable detail, demonstrating that she is entitled to the emotional distress damages she seeks. *See, e.g., Whaley*, 2016 WL 6134169, at *2 (finding that plaintiff sufficiently supported his request for emotional distress damages under the FDCPA where he stated that, because of unrelated head trauma and brain injury, he "reacts with great anxiety when confronted with any stressful situation such as he experienced due to defendant's conduct," that he "experienced difficulty sleeping and a loss of appetite as a result of his contacts with defendant," and that when he spoke to defendant "he immediately became so frustrated that he was unable to express himself coherently").

Furthermore, the undersigned finds it "inherently degrading" that RMG called Plaintiff's mother-in-law, informed her of Plaintiff's debt, and told her Plaintiff had committed a crime and was going to be criminally prosecuted. *See Harding*, 2011 WL 1097642, at *3 (explaining that emotional distress damages may be awarded where conduct is "inherently degrading" and finding defendant's conduct of contacting the plaintiff's mother and disclosing the fact, nature, and amount of the debt, was "at least in some small degree 'inherently degrading' to the

7

plaintiff"). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's request for $15,000 in emotional distress damages be **GRANTED**.

### 3. Attorneys' Fees and Costs

Pursuant to § 1692k(a)(3), Plaintiff seeks attorney fees in the amount of $10,134.50, including $77.50 for the cost of service of process on RMG. Plaintiff also seeks to recover the cost of the Court's $400.00 filing fee.

"'The FDCPA mandates the award of 'a reasonable attorney's fee' and costs to a prevailing party.'" *Miller v. Ability Recovery Servs., LLC*., No. 1:18-CV-266, 2019 WL 1227777, at *5 (S.D. Ohio Mar. 15, 2019) (citing *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 446 (6th Cir. 2009); 15 U.S.C. § 1692k(a)(3)). This Court has explained that

> "The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled." *Id.* at 552 (citing *Pennsylvania v. Del. Valley Citizens Council for Clean Air,* 478 U.S. 546, 564 (1986)). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring,* 36 F.3d 517, 533 (6th Cir. 1994). The "prevailing market rate [ ] in the relevant community," is a useful indication of what constitutes a reasonable rate. *Dowling* at 447 (quoting *Blum v. Stenson,* 465 U.S. 886, 895 (1984)). The "prevailing market rate" is defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command." *Id.* (quoting *Adcock–Ladd v. Sec'y of Treasury,* 227 F.3d 343, 350 (6th Cir. 2000)).

*Miller*, 2019 WL 1227777, at *5.

Here, Plaintiff seeks $10,134.50 in attorneys' fees. Plaintiff seeks an hourly rate of $250 for work performed by attorneys Jonathon Hilton and Geoffrey Parker, $225 per hour for work performed by attorney Kyle Miller, and $50 per hour for work performed by paralegal David Stalk. (Mot. for Def. J. at 10-12, ECF No. 22; Decl. of Jonathan Hilton, ECF No. 22-2; Invoice

of Hilton Parker LLC, ECF No. 22-4.) Plaintiff's counsel spent a total of 45.98 hours on this case. (Invoice of Hilton Parker LLC, ECF No. 22-4.) The undersigned finds both the rate and the number of hours worked to be reasonable and **RECOMMENDS** that Plaintiff's request for $10,134.50 in attorneys' fees be **GRANTED.** *See, e.g.*, *Miller*, 2019 WL 1227777, at *5 (finding rate of $250 for attorneys and $100 for other employees and hours expended (36.26 hours for attorneys and 5.22 hours for other employees) reasonable in an FDCPA case). The undersigned also finds Plaintiff's request for reimbursement of $77.50 for the cost of service of process on RMG, which is included in the $10,134.50 in attorneys' fees, to be reasonable. *See Thompson v. Rosenthal*, No. 2:14-CV-37, 2014 WL 7185313, at *5 (S.D. Ohio Dec. 16, 2014) (finding plaintiff's request for cost of postage for service of process to be reasonable).

Finally, the undersigned finds that Plaintiff is entitled to recover the cost of the Court's $400 filing fee and **RECOMMENDS** that Plaintiff's request be **GRANTED**. *See* 15 U.S.C. § 1692k(a)(3); *see also Brown v. Halsted Fin. Servs., LLC,* No. 3:12-CV-308, 2013 WL 693168, at *3 (S.D. Ohio Feb. 26, 2013) (finding filing fee of $350 reasonable and compensable under the FDCPA).

**B.     Invasion of Privacy and Defamation Damages**

The Court also found Defendants RMG and Hopkins liable for invasion of privacy and RMG liable for defamation. (R. & R., ECF No. 25; Order Adopting R. & R., ECF No. 26.) Although non-economic damages for emotional harm are available under Ohio common law for these claims,[1] Plaintiff cannot recover duplicative damages for the same injury. *See Dowling v.*

---

[1] *See Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F. Supp. 2d 968, 977 (N.D. Ohio 2008) (explaining that the tort of invasion of privacy compensates victims for "mental suffering, shame, or humiliation" and that "[h]arassment by defendants and the emotional harm it causes is relevant to setting damages"); *Wagner v. Circle W. Mastiffs*, 732 F. Supp. 2d 792, 805

*Litton Loan Servicing, LP,* No. 2:05–CV–0098, 2006 WL 3498292, at *14 (S.D. Ohio Dec.1, 2006) ("[A] plaintiff who alleges separate causes of action is not permitted to recover more than the amount of damage actually suffered; there cannot be double recovery for the same loss, even though different theories of liability are alleged in the complaint." (citations omitted)). Here, Plaintiff has not alleged any separate damages resulting from Defendants' invasion of privacy and/or defamation. Accordingly, the $15,000.00 in emotional distress damages discussed above compensates Plaintiff for her non-economic injuries, and she is not entitled to duplicative damages for her invasion of privacy and/or defamation claims.

## IV. DISPOSITION

For the reasons set forth above, the undersigned finds that the testimony offered at the evidentiary hearing, together with the Amended Complaint, affidavits, and billing invoice, constitute sufficient evidence to support the amount of damages, attorneys' fees, and costs that Plaintiff requests. Accordingly, it is **RECOMMENDED** that the Court **ENTER DEFAULT JUDGMENT** against Defendants RMG and Hopkins in the amount of $27,651.38, consisting of $1,000 in statutory damages pursuant to the FDCPA; $16,116.88 in actual damages pursuant to the FDCPA; $10,134.50 in attorney fees and litigation expenses; and $400 in court costs.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

---

(S.D. Ohio 2010) ("Damages for defamation may include impairment of reputation, personal humiliation, mental anguish and suffering.").

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE